### CAPE COD BANK & TRUST COMPANY, Plaintiff,

v.

### Lloyd D. AVRAM, Homeowners Guardian Title and Escrow Company, William B. Bryant, Jr., Richard C. Ridway, and James M. Griffin, Defendants.

Civ. A. No. 87–1158 (RCL).

United States District Court, District of Columbia.

July 28, 1988.

As Amended Aug. 3, 1988.

---

Bruce J. Klores, argued (Barry D. Trebach, with him on brief), Klores & Trebach, Washington, D.C., for plaintiff.

Richard F. Boddie, argued (Merritt Lee Murry with him on brief), Slocum Boddie & Murry, Falls Church, Va., for defendants.

Bryant, Ridway and Griffin, Paul S. Lewis (argued), Elling & Lewis, Gaithersburg, Md., for defendant Homeowners Guardian Title and Escrow Co.

## MEMORANDUM OPINION AND ORDER

LAMBERTH, District Judge.

This action began as a suit for money owed against defendant Lloyd D. Avram. Plaintiff later amended its complaint to add defendants Homeowners' Guardian Title and Escrow Company ("Homeowners"), William B. Bryant, Jr., Richard C. Ridgeway, and James M. Griffin. Plaintiff alleges that Homeowners breached its duty to act as a reasonable settlement agent in Avram's sale of a piece of property to defendant Bryant. Defendants Ridgeway and Griffin are trustees of a note securing that sale. The case is now before the court on plaintiff's Motion for Partial Declaratory Judgment and defendants' motions for summary judgment. At issue is the validity of plaintiff's attempt to attach the aforementioned property prior to its conveyance from Avram to Bryant.

1. The parties dispute the extent to which the attempted attachment was influenced by plaintiff's knowledge of the impending sale of that property.

### Facts

Plaintiff is a Massachusetts bank that allegedly loaned money in excess of $15,500 to defendant Avram. Sometime in late April of 1987, plaintiff sought to secure that debt by attaching Avram's property located at 2711 Ordway Street, N.W., Washington, D.C.[1] At about the same time, Avram was endeavoring to sell that piece of property to defendant Bryant. To this end, a contract of sale had been entered into on February 13, 1987, and ratified on February 19, 1987. Settlement took place on April 27, 1987, and on that date the deed was delivered to Bryant.

On April 28, 1987, plaintiff filed this action, accompanied by a motion for writ of attachment; Judge Sporkin granted the motion the same day, and the Clerk of the Court issued the writ on April 29, 1987. At 11:29 a.m. on the 29th, plaintiff recorded the Court's order with the Recorder of Deeds for the District of Columbia.[2] On the same day, plaintiff delivered the order and writ to the United States Marshal.

Bryant recorded the deed of sale for the subject property at 10:38 a.m. on April 30, 1987. At 3:05 p.m. on that date, Deputy U.S. Marshal Walter N. Rich posted the order and attachment on the front door of those premises.

### Analysis

■ Plaintiff's dispute with defendants Bryant, Ridgway and Griffin turns on the question of whether the attachment of Avram's property was perfected prior to the transfer of that property to Bryant. If so, Bryant's interest in the property is subject to the attachment; if not, then the writ of attachment is invalid as to Bryant and should be quashed.

The District of Columbia Code allows attachment before judgment in section 16–501; a writ issued under that section must

2. There is some dispute in the papers as to whether plaintiff recorded the writ itself in addition to the Court's order. For the purposes of this opinion, the Court will assume that the writ was also filed with the Recorder of Deeds at 11:29 a.m. on April 29, 1987.

be served in accordance with section 16–502:

(a) A writ issued pursuant to section 16–501 shall require the marshal to serve a notice on the defendant, if he is found in the District, and on any person in whose possession any property or credits of the defendant may be attached, to appear in the court on or before the twentieth day, exclusive of Sundays and legal holidays after service of the notice, and show cause, if any there be, why the property so attached should not be condemned and execution thereof had. The marshal's return shall show the fact of the service.

(b) If the defendant is returned "Not to be found," the notice shall be given by publication ...

(c) published at least once a week for three successive weeks or oftener, or for such further time and in such manner as the court orders.

D.C.Code § 16–502 (1981).

Most importantly for the purposes of this action, section 16–508 specifies how the attachment is to be perfected.

An attachment is sufficiently levied on the lands and tenements of the defendant by:

(1) mentioning and describing the property in an indorsement on the attachment, made by the officer to whom it is delivered for service, to the following effect:

"Levied on the following estate of the defendant, A B, to wit: (Here describe) this ____ day of ____. C D, Marshal.";  and

(2) serving a copy of the attachment, with the indorsement, and the notice required by section 16–502, on the person, if any, in possession of the property.

D.C.Code § 16–508 (1981).

The only reported case in this jurisdiction which has ruled on the issues presented here is *Jack Development, Inc. v. Howard Eales, Inc.*, 388 A.2d 466 (D.C.1978). *Jack Development* involved a piece of property that was transferred after a writ of attachment had been issued and posted on the premises but before service was effected.

The D.C. Court of Appeals noted that strict compliance with the statutory procedures is required in order to perfect a writ of attachment before judgment, and determined that those strictures had not been satisfied. The court held that although section 16–507 of the D.C.Code states that a writ of attachment creates a lien on property from the date of its delivery to the marshal, this lien is an inchoate one which becomes a perfected attachment only after the writ is properly levied. *Jack Development*, 388 A.2d at 468. The recordation of the deed prior to the perfection of the writ terminates that inchoate lien, requiring that the writ of attachment be quashed. *Id.* at 469.

Plaintiff attempts to distinguish this case from *Jack Development* by claiming that defendants had actual notice of the attachment here by virtue both of the Marshal's posting on April 30, 1987, and the recording of the order and writ on April 29, 1987. Clearly, the posting does not satisfy the notice requirements of § 16–502 and § 16–508. Indeed, the premises were posted in *Jack Development*, but the court emphasized that "[t]he mere posting of the property did *not* comply, however, with the notice procedures mandated by [the D.C. Code]." 388 A.2d at 468 (emphasis in original).

Nor does the recording of an order and writ issued by the court suffice to perfect the attachment. The requirement and means of service are quite specifically outlined in the statute, and plaintiff did not comply with them. It is instructive that the court in *Jack Development* also rejected an alternative attempt to effect service which may have provided actual notice:

Although a copy of the writ of attachment was mailed to the defendant at the time it was delivered to the marshal, this was insufficient to comply with D.C.Code 1973, §§ 16–502, –508, since by its language the statute requires notice of a *perfected levy*, not merely notice of the attachment writ. *See also,* 6 Am.Jur.2d *Attachment and Garnishment* § 293 (1963) (citations omitted).

*Jack Development*, 388 A.2d 468 n. 5 (emphasis in original).

Thus, the Court comes to the same conclusion that the court reached in *Jack Development:* the recording of the deed by defendant Bryant, prior to the perfection of the attachment, terminated the inchoate lien on the property which had commenced with the delivery of the writ of attachment to the marshal. *Id.* at 469. The property was transferred free of the writ of attachment which had been sought against defendant Avram, and that writ must be quashed and released. Since such action will dispose of all of plaintiff's claims against defendants Bryant, Ridgeway, and Griffin, the motion of those defendants for summary judgment will be granted.

*Defendants Homeowners and Avram*

■ Although plaintiff asserts negligence by defendant Homeowners and a breach of some duty owed to it by that defendant, it has produced no law or facts to support such a claim. The conclusory affidavit of a real estate attorney is hardly sufficient, especially since it takes as its premise Homeowners' duty to discover and inform the parties of a writ of attachment which the Court has ruled was never perfected. Plaintiff has cited no law to refute Homeowners' assertion that even if it had such a duty, that duty ran to the co-defendants for whom Homeowners conducted the title search and not to the plaintiff.

It does not appear that any written contract existed between Homeowners and codefendants Avram and Bryant regarding the title search, but to the extent such an agreement did exist, it would be in the nature of a contract insuring good title. The Court is aware of no law that would suggest that a title insurer owes a duty to a third party in plaintiff's position. To the contrary, "[t]itle insurance policies ... have been defined as contracts whereby the insurer ... agrees to indemnify the *insured* in a specified amount against loss through defects of title to, or liens or encumbrances upon realty in which the *insured* has an interest as purchaser or otherwise ..." 9 J. Appleman, Insurance Law and Practice § 5201, at 2 (1981) (em-

phasis added); *see United States v. City of Flint*, 346 F.Supp. 1282, 1284–85 (E.D. Mich.1972).

As Homeowners points out, any agreement between itself and the parties to the real estate transaction clearly was not intended to inure to plaintiff's benefit. Plaintiff thus cannot claim the status of a third party beneficiary. *See Greenbaum v. Smith,* 409 A.2d 621 (D.C.1979). In short, plaintiff has not adduced any basis upon which it could recover against Homeowners, and defendant Homeowners' motion for summary judgment will be granted.

It appears that plaintiff's First Amended Complaint does state a claim as to the remaining defendant, Lloyd Avram, and that claim involves disputed issues of fact.[3] However, plaintiff filed the original complaint on April 28, 1987, and the First Amended Complaint on November 4, 1987, but has never served defendant Avram. The 120 days mandated by Federal Rule of Civil Procedure 4(j) have long since expired, but that rule allows a party to show good cause why service was not made within the prescribed period. Therefore, plaintiff shall have 10 days from the date of this order to show good cause for non-service upon defendant Avram.

*Conclusion*

The motion of defendants Bryant, Ridgeway, and Griffin for summary judgment is GRANTED. Defendant Homeowners' motion for summary judgment is also GRANTED. Plaintiff's motion for partial declaratory judgment is DENIED. The writ of attachment issued by the Clerk of the Court on April 19, 1987, is QUASHED, and plaintiff shall cause a release of the writ to be filed among the Land Records of the District of Columbia within ten days of the date of this memorandum opinion and order. Plaintiff shall within 10 days of the date of this order show cause why the complaint should not be dismissed as to

---

**3.** For instance, whether the alleged debt was discharged in bankruptcy.

defendant Avram pursuant to Rule 4(j) of the Federal Rules of Civil Procedure.